UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER J. WATSON,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF BONNEY LAKE; MIKE MITCHELL, in his individual capacity; MARCUS KOEHN, in his individual capacity; and ROBERT KOCHER, in his individual capacity,<br><br>    Defendants. | CASE NO. C10-5692BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND DENYING DEFENDANTS' MOTION FOR TEMPORARY STAY OF DISCOVERY |

This matter comes before the Court on the motion of Defendants City of Bonney Lake ("Bonney Lake") and Mike Mitchell ("Mitchell") for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Dkt. 19. Also before the court is the motion of Defendants Bonney Lake, Mitchell, Marcus Koehn ("Koehn") and Robert Kocher ("Kocher") for protective order and temporary stay of discovery. Dkt. 20. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants the motion for judgement on the pleadings and denies the motion for a stay of discovery for the reasons stated herein.

ORDER - 1

# I. PROCEDURAL HISTORY

On February 17, 2011, Bonney Lake and Mitchell filed a motion for judgement on the pleadings pursuant to Rule 12(c). Dkt. 19; Fed. R. Civ. P. 12(c). Plaintiff Christopher J. Watson ("Watson") did not oppose this motion.

On February 17, 2011, Bonney Lake, Mitchell, Koen, and Kocher filed a motion for protective order and temporary stay of discovery. Dkt. 20. On March 7, 2011, Watson filed a response (Dkt. 23), and on March 11, 2011, the Defendants filed a reply. Dkt. 24.

# II. DISCUSSION

## A.   Motion for Judgment on the Pleadings

Bonney Lake and Mitchell move the Court to dismiss the claims against them pursuant to Fed. R. Civ. P. 12(c). Dkt. 19. Watson did not oppose the motion, but he appears to concede that this motion is meritorious because he limits his arguments for discovery to Koehn and Kocher. *See* Dkt. 23.

Nonetheless, when "a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion had merit." Local Rule CR 7(b)(2). Thus, the Court considers Bonney Lake's and Mitchell's motion to have merit and grants the motion herein.

## B.   Motion for Protective Order and Temporary Stay of Discovery

### 1.   Bonney Lake and Mitchell

Defendants' motion as to Bonney Lake and Mitchell is moot in light of the Court's order to dismiss the claims against them herein.

### 2.   Koehn and Kocher

The remaining Defendants, Koehn and Kocher, move the Court for a temporary stay of discovery pending the Court's ruling on a motion for summary judgment based on qualified immunity. Dkt. 20 at 4. While the Court is inclined to grant the motion to

ORDER - 2

stay discovery pending the resolution of a summary judgment motion, the current motion is deficient. The immunity issue is not presently before the Court and, in its absence, Koehn and Kocher have not presented any time line for the Court to evaluate the anticipated motion. Therefore, the Court denies the motion without prejudice. Koehn and Kocher may renew their motion but shall include a time line with details such as the anticipated date for filing the summary judgment motion, the anticipated duration of the stay of discovery, and any anticipated changes to the trial schedule.

Also, should Koehn and Kocher renew their motion to stay discovery, the Court is inclined to grant Watson's request for limited discovery on the qualified immunity issue but stay discovery on all other issues. Dkt. 23.

In light of the foregoing, the parties are encouraged to reach an agreement or stipulation as to the time line and scope of discovery necessary to properly brief the Court regarding the qualified immunity issue.

The Court is not expressing any opinion on the merits of the anticipated motion for summary judgment; it is simply recognizing that granting such a motion would be dispositive, and a stay of discovery on all other issues until the question of qualified immunity is resolved would be appropriate pending that decision. *Anderson v. Creighton,* 483 U.S. 635, 646 n.6 (1987) (noting "qualified immunity questions should be resolved at the earliest possible stage of a litigation"); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (holding that "[u]ntil this threshold immunity question is resolved, discovery should not be allowed.")

### III. ORDER

Therefore, it is hereby **ORDERED** that:

(1) Bonney Lake's and Mitchell's motion for judgment on the pleading is **GRANTED**;

(2) Watson's complaint as against Bonney Lake and Mitchell is **DISMISSED;** and

(3) Koehn's and Kocher's motion for a stay of discovery is **DENIED without prejudice** as discussed herein.

DATED this 15th day of March, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4